## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

IN RE:

CAMPBELLTON-GRACEVILLE      CASE NO.: 17-40185-KKS
HOSPITAL CORPORATION,      CHAPTER: 11

   Debtor.

_____/

MARSHALL GLADE      ADV. NO.: 22-04003-KKS
LIQUIDATING TRUSTEE OF THE
CAMPBELLTON-GRACEVILLE
LIQUIDATING TRUST,

     Plaintiff,

v.

LIANSY C. CARBONELL,
EMPOWER INVESTMENT GROUP, LLC,
CHRISTINA A. PEREZ,
ELIZABETH E. PEREZ,
EMPOWER H.I.S., LLC, &
JORGE A. PEREZ,

     Defendants.

_____/

MARSHALL GLADE      ADV. NO.: 22-04004-KKS
LIQUIDATING TRUSTEE OF THE
CAMPBELLTON-GRACEVILLE
LIQUIDATING TRUST,

     Plaintiff,

v.

EMPOWER H.I.S., LLC,

NJM

JORGE A. PEREZ, &
EMPOWER INVESTMENT GROUP, LLC,

     Defendants.

_____/

## MEMORANDUM OPINION GRANTING DEFENDANTS' *MOTIONS TO REMAND ADVERSARY PROCEEDINGS*[1]

     These adversary proceedings require the Court to decide somewhat unique legal questions: May Plaintiff remove proceedings supplementary pending in Florida courts under 28 U.S.C. §§ 1441 or 1446? Or is Plaintiff limited to removal of proceedings supplementary as "claims related to bankruptcy cases," under 28 U.S.C. § 1452? If Plaintiff is limited to removal under 28 U.S.C. § 1452, may he utilize the additional time for removal provided for in 28 U.S.C. § 1446(b)(3)?

     The Court answers two of these questions in the affirmative and the other in the negative: Plaintiff may not remove under 28 U.S.C. §§ 1441 or 1446; rather, Plaintiff may only remove the proceedings supplementary under 28 U.S.C. § 1452; for that reason, Plaintiff may not

---

[1] These adversary proceedings are not consolidated but the Court is issuing a single Memorandum Opinion because the Remand Motions present identical legal issues. All citations related to pleadings in the adversary proceedings will be from the docket in Adv. No. 22-04003-KKS unless otherwise specified.

utilize the additional time for removal provided for in 28 U.S.C. § 1446(b)(3).

The captioned adversary proceedings commenced when Plaintiff removed proceedings supplementary from the Circuit Courts for Monroe and Miami-Dade County, Florida.[2] Before the Court are identical motions to remand filed by Defendants in the adversary proceedings (collectively "Remand Motions").[3] For the reasons that follow, Defendants' Remand Motions are due to be granted. In making this determination, the Court has reviewed the Remand Motions, Plaintiff's responses in opposition, the parties' additional briefing, applicable statutes, and additional case law.[4]

---

[2] Plaintiff commenced the proceedings supplementary pursuant to Fla. Stat. § 56.29(2).

[3] *Defendants' Motion for Relief from Local Rule 9027-1, Motion for Remand and Abstention*, Adv. No. 22-04003-KKS, ECF No. 24; *Defendants' Motion for Relief from Local Rule 9027-1, Motion for Remand and Abstention*, Adv. No. 22-04004-KKS, ECF No. 18. Remand is the only issue remaining here; the Bankruptcy Court for the Southern District of Florida granted other relief requested in the Remand Motions before transferring these proceedings to this Court. *Order on (I) Plaintiff's Motion to Transfer Venue to the United States Bankruptcy Court for the Northern District of Florida and (II) Motion for relief from Local Rule 9027-1, Motion for Remand and Abstention*, ECF No. 33.

[4] *Plaintiff's Response to Defendants' Motion for Relief from Local Rule 9027-1 and Defendants' Motion for Remand and Abstention*, Adv. No. 22-04003-KKS, ECF No. 28; *Plaintiff's Response to Defendants' Motion for Relief from Local Rule 9027-1 and Defendants' Motion for Remand and Abstention*, Adv. No. 22-04004-KKS, ECF No. 22; *Plaintiff's Brief on Narrowing of Issues with Respect to Defendants' Motion for Relief From Local Rule 9027-1, Motion for Remand and Abstention*, Adv. No. 22-04003-KKS, ECF No. 72; *Plaintiff's Brief on Narrowing of Issues with Respect to Defendants' Motion for Relief from Local Rule 9027-1, Motion for Remand and Abstention*, Adv. No. 22-04004-KKS, ECF No. 57; *Defendants' Response to Plaintiff's Brief on Narrowing of Issues with Respect to Defendants' Motion for Relief from Local Rule 9027-1, Motion for Remand and Abstention and Defendant's* [*sic*

## FACTUAL AND PROCEDURAL HISTORY

### The CGH Bankruptcy ("Main Case")[5]

Campbellton-Graceville Hospital Corporation ("CGH") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 5, 2017.[6] CGH owned a small, non-profit 25-bed critical care rural hospital in Florida's panhandle, serving northern Florida and surrounding areas in Georgia and Alabama; it employed approximately 100 people when it filed its petition.[7] According to pleadings filed early in the Main Case, CGH sought bankruptcy protection not because its patients were in jeopardy or due to quality of care, but rather to restructure or sell its operations due primarily to what proved to be a fraudulent laboratory scheme. CGH described the situation as follows:

Just before filing its petition, CGH had obtained an emergency injunction preventing one of the alleged laboratory fraud participants, People's Choice Hospital ("PCH"), from having access to CGH's bank accounts and continuing its management of the hospital.[8] By this time,

---

*Motion* [*sic*] *Vacate Amended Final Judgment Against Empower H.I.S. LLC and Jorge A. Perez (DE 1390)*, Adv. No. 22-04003-KKS, ECF No. 77.

[5] *In re Campbellton-Graceville Hospital Corporation*, Case No. 17-40185-KKS (hereinafter "Main Case").

[6] Main Case, ECF No. 1.

[7] Main Case, ECF No. 29, p. 4.

[8] Main Case, ECF No. 73, p. 4.

multiple independent laboratories had sued CGH, claiming in excess of $7 million for alleged unpaid services.[9] Although CGH effectively banned PCH from the hospital, it was unable to retrieve or obtain from PCH, its principals and affiliates, critical data necessary to comply with regulatory requirements of the Center for Medicare & Medicaid Services.[10] As a result, all Medicare and Medicaid funding for CGH (comprising approximately 60–70% of CGH's revenue) ceased.[11] PCH's affiliates included Empower H.I.S. LLC ("Empower H.I.S."), which CGH maintained is owned and controlled by Jorge Perez ("Perez").[12]

The dispute between CGH and PCH continued CGH's inability to obtain the critical information it needed, available only through the software installed by Perez and affiliates, to operate successfully.[13] In an effort to survive as a going concern, CGH settled its claims against PCH shortly after filing its Chapter 11 petition.[14]

---

[9] *Id.* at p. 4; Main Case, ECF No. 29, p. 7
[10] Main Case, ECF Nos. 29, & 73, p. 4.
[11] Main Case, ECF No. 29, p. 2.
[12] Main Case, ECF No. 73, p. 5. PCH, Empower H.I.S., Perez, or other affiliates implemented integrated software to, among other things, track CGH's patient information. *Id.*
[13] *Id.* pp. 5–6.
[14] *Id.* pp. 7–8. The settlement included a requirement for PCH to provide CGH access, without cost, to the Empower Software. The settlement also required PCH to cooperate with CGH in litigation against Perez and another entity, Reliance Laboratory Testing, Inc. *Id.* pp. 9–10; Main Case, ECF No. 92.

CGH filed for Chapter 11 relief for another important reason: to pursue claims against third parties, specifically including those involved in the laboratory fraud scheme. To that end, CGH and the Official Committee of Unsecured Creditors ("Committee"), retained special counsel,[15] scheduled numerous Rule 2004 examinations, including of Perez,[16] and objected to multiple claims.[17]

Ultimately, CGH and the Committee filed, and the Court confirmed, a joint liquidating Chapter 11 plan.[18] Pursuant to the confirmed plan, Plaintiff, Marshall Glade, was appointed as the Liquidating Trustee of the Campbellton-Graceville Hospital Liquidating Trust.[19] As the Liquidating Trustee, Plaintiff began attempting to collect claims against various parties, including Defendants Perez and Empower H.I.S.[20]

---

[15] *See, e.g.,* Main Case, ECF Nos. 114, 139, & 191.
[16] *See, e.g.,* Main Case, ECF Nos. 219, 222, & 429.
[17] *See, e.g.,* Main Case, ECF Nos. 620, 621, 622, 704, 719, & 733.
[18] Main Case, ECF No. 882.
[19] *Id.*
[20] Plaintiff's collection efforts include filing forty-two (42) adversary proceedings in addition to the two (2) at issue here, as well as claims against and settlements with myriad other persons and entities. *See* Main Case, Exs. B &C, ECF No. 1417.

Plaintiff's collection efforts as to Perez and Empower H.I.S. resulted in a mediation settlement agreement.[21] Perez and Empower H.I.S. failed to comply with their obligations under the settlement; CGH alleged their default was willful and deliberate and filed an expedited motion for entry of a final judgment against them.[22] As a result, on December 20, 2019 the Court entered a final judgment against Perez and Empower H.I.S. in the amount of $5,000,000.00 ("Final Judgment").[23]

When the Court entered the Final Judgment its policy was to require parties to attempt collection of judgments entered in this Court elsewhere. For that reason, the Court required the Final Judgment to contain the following language:

> This Court does not retain jurisdiction to issue post-judgment enforcement orders or writs. Enforcement of this judgment shall be through the appropriate state or federal court.[24]

Almost two (2) years later, in part to facilitate Plaintiff's continuing efforts to collect money for CGH's creditors, the Court revised its position

---

[21] The Court approved this mediation settlement agreement on April 19, 2019. Main Case, ECF No. 1007.

[22] Main Case, ECF Nos. 1130, p. 2 & 1160. Neither Empower H.I.S. nor Perez filed any response to the motion for final judgment, but Perez appeared at the hearings on that motion. Main Case, ECF Nos. 1152 & 1167.

[23] Main Case, ECF No. 1185.

[24] *Id.* at ¶ 3.

as to the Liquidating Trustee's collection of judgments in this Court.[25]

Plaintiff then moved to amend the Final Judgment against Perez and

Empower H.I.S.[26] No party filed an actionable objection.[27]

The Court granted Plaintiff's motion; on November 18, 2021, the

Court issued the Amended Final Judgment.[28] The Amended Final

Judgment deleted the language prohibiting collection in this Court and

added the following language:

> This Court retains jurisdiction over all post-judgment
> matters, including the issuance of post-judgment enforcement
> orders and writs.[29]

## The Proceedings Supplementary

In March and April of 2020, Plaintiff recorded the Final Judgment

in the Public Records of Monroe and Miami-Dade Counties.[30] In the

---

[25] Anything Plaintiff collects as Liquidating Trustee will permit him to pay something, even a small dividend, to creditors holding millions of dollars in unsecured claims against CGH, most of which resulted from the fraudulent laboratory scheme masterminded by Perez and his brother Ricardo Perez. Claims filed in the Main Case total over $123 million; of that amount, only about $1,300.00 are filed as secured and $5,700.00 are filed as priority. *See* Claims Register, Main Case.

[26] Main Case, ECF No. 1383.

[27] On November 23, 2021, the Court properly struck a letter submitted by Ricardo Perez, as Managing Member of Defendant, Empower Investment Group, LLC, and docketed as a "*pro se* document," because an LLC may not appear without counsel in Florida courts. Main Case, ECF No. 1392. Notably, Empower Investment Group, LLC is the alleged recipient of eight (8) properties Plaintiff alleges were acquired with proceeds from the laboratory fraud scheme. *See, e.g.,* Main Case, ECF Nos. 1383, ¶ 7 & 1421, p. 6.

[28] Main Case, ECF Nos. 1389 & 1390.

[29] Main Case, ECF No. 1390, ¶ 3.

[30] ECF No. 1-1, ¶ 2.

circuit courts for both counties, Plaintiff filed verified motions for proceedings supplementary under Fla. Stat. § 56.29(2).[31] From there, the litigation continued in the respective circuit courts until Plaintiff filed Notices of Removal nineteen (19) days after this Court entered the Amended Final Judgment.[32]

## DISCUSSION

In the Remand Motions, Defendants raised numerous objections to removal based on technical issues that did not exist. The Court previously disposed of many of these objections.[33] In addition, the Court narrowed the issues and required further briefing on: (1) whether Plaintiff's Motion to Amend Final Judgment was timely; (2) if the Motion to Amend Final Judgment was untimely, whether Defendants waived their objection to

---

[31] *Plaintiff's Verified Motion for Proceedings Supplementary and for Appointment of Receiver*, Adv. No. 22-04003-KKS, ECF No. 1-1, p. 25; *Plaintiff's Verified Motion for Proceedings Supplementary and for Appointment of Receiver*, Adv. No. 22-04004-KKS, ECF No. 1, p. 21. Plaintiff also filed a *Third-Party Proceedings Supplementary Complaint* against Liansy C. Carbonell, Christina A. Perez and Elizabeth Perez in Monroe County Circuit Court. ECF No. 1-1, Adv. No. 22-04003-KKS, pp. 528–37.

[32] *Notice of Removal*, Adv. No. 22-04003-KKS, ECF No. 1 (removing the Monroe case); *Notice of Removal*, Adv. No. 22-04004-KKS, ECF No. 1 (removing the Miami-Dade case) (collectively "Notices of Removal"). The proceedings supplementary were initially removed to the Bankruptcy Court in the Southern District of Florida, which then transferred them to this Court. *See Order on (I) Plaintiff's Motion to Transfer Venue to the United States Bankruptcy Court for the Northern District of Florida and (II) Motion for relief from Local Rule 9027-1, Motion for Remand and Abstention*, ECF No. 33.

[33] *Order (1) Narrowing Issues and Requiring Further Briefing on Defendants' Motion for Relief from Local Rule 9027-1, Motion for Remand and Abstention (ECF No. 24); and (2) Canceling Hearing on April 28, 2022*, ECF No. 52.

untimeliness; (3) whether this Court has jurisdiction over the removed proceedings; and (4) whether the Notices of Removal were timely filed.

## The Motion to Amend Final Judgment was proper; the Amended Final Judgment is final.

Defendants argue under Federal Rule 60(b)(4) that the Amended Final Judgment is void because they were denied due process; they claim they had no notice of that motion.[34] That claim is baseless. Further, the Court has already disposed of this exact argument:

> The Motion to Amend Final Judgment . . . was *with* notice to the adverse parties. Plaintiff certified that he served the Motion to Amend Final Judgment by U.S. Mail on all Defendants named in this adversary proceeding. . . . [A]ll Defendants received notice of the Motion to Amend Final Judgment . . . .[35]

Not only did Defendants receive notice of the Motion to Amend Final Judgment, Plaintiff also provided notice of that motion to Defendants' then state court attorney.[36] Defendants had ample notice and an opportunity to be heard in opposition to the Motion to Amend Final

---

[34] In the Remand Motions Defendants state that they request relief pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6), but articulate only an argument under Fed. R. Civ. P. 60(b)(4), so the Court does not address Rule 60(b)(6).

[35] ECF No. 52, p. 6.

[36] Main Case, ECF No. 1383, p. 4.

Judgment.[37] Defendants were not deprived of due process prior to entry of the Amended Final Judgment.

Defendants also contend, and Plaintiff concedes, that the Motion to Amend Final Judgment was filed more than fourteen (14) days after entry of the original Final Judgment. That, according to Defendants, renders the Motion to Amend Final Judgment untimely pursuant to Bankruptcy Rule 9023.[38] But by filing no actionable response to the Motion to Amend Final Judgment, Defendants forfeited their objections to the untimeliness of that motion.[39]

Plaintiff correctly suggests that the Motion to Amend Final Judgment may be characterized as a Federal Rule 60(b) motion for reconsideration or relief from judgment. The only limitation on when a party may file a motion under Federal Rule 60(b)(5) and (6) is that the

---

[37] In the same order, the Court addressed numerous additional of Defendants' complaints, including that Plaintiff's counsel did not properly schedule the hearing on the Motion to Amend Final Judgment. *Id.* at pp. 6–11.

[38] Fed. R. Bankr. P. 9023.

[39] *See Suber v. Lowes Home Ctrs., Inc.*, 609 F. App'x 615, 616 (11th Cir. 2015) (categorizing a Fed. R. Civ. P. 59(e) motion to reconsider a summary judgment to be a "claims-processing rule," and holding that "a party can forfeit an objection to a court's failure to apply a claims-processing rule against its adversary" (citing *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 615 F.3d 1325, 1359 n.15 (11th Cir. 2010)); *accord, Kontrick v. Ryan,* 540 U.S. 443, 458–59, n.13 (2004) (addressing a litigant's failure to raise timeliness in bankruptcy litigation, the Court stated that "forfeiture is the failure to make the timely assertion of a right" and held that a court's failure to apply a claims-processing rule can be forfeited).

motion must be "made within a reasonable time."[40] As relevant here, Federal Rule 60(b) states, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (5) . . . . applying [the judgment] prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[41]

In the Motion to Amend Final Judgment, Plaintiff articulated sufficient bases for relief under Federal Rule 60(b)(5) and (6). First, application of the limiting language in the original Final Judgment (disallowing collection in this Court) was no longer equitable or appropriate in light of the Court's change in policy. Second, Plaintiff cannot be faulted for not seeking relief from the Final Judgment sooner; Plaintiff had no basis on which to request amendment of the Final Judgment until after the Court changed its policy on pursuit of collection of judgments for the benefit of the CGH creditors. Third, Plaintiff's claims against Perez and Empower H.I.S., codified in the Final Judgment itself, were caused by the very laboratory fraud scheme orchestrated and

---

[40] Fed. R. Civ. P. 60(c).
[41] Fed. R. Civ. P. 60(b)(5), (6).

perpetrated by Perez and others, and facilitated by Empower H.I.S.[42] That fraudulent laboratory scheme left the hospital in financial ruin, precipitated and necessitated the hospital's filing of the Chapter 11 petition, and created the basis for the Final Judgment. Unquestionably, these events qualify as "any other reason that justifies relief" pursuant to Federal Rule 60(b)(6).

In short, Defendants forfeited any objection to the timeliness of Plaintiff's Motion to Amend Final Judgment. Even had they not, the Court properly granted that motion. Defendants' attack on the Amended Final Judgment fails. The Amended Final Judgment remains final.

### Plaintiff properly filed the Notices of Removal pursuant to 28 U.S.C. § 1452(a).

Removal of civil actions is generally governed by 28 U.S.C. § 1441.[43] The time within which a civil action may be removed is governed by 28 U.S.C. § 1446.[44] Removal under § 1441, and the procedures governing

---

[42] A jury has now determined what Plaintiff has claimed since the inception of the Main Case. *Plaintiff/Liquidating Trustee's Notice of Filing U.S. Department of Justice Press Release No. 22-670 Dated June 27, 2022*, ECF No. 78, pp. 5–6. *See also,* Jury Verdict Against Jorge A. Perez, *United States v. Perez*, Case No. 3:20-cr-86-TJC-JBT (M.D. Fla. June 27, 2022), ECF No. 768; Jury Verdict Against Ricardo Perez, *United States v. Perez*, Case No. 3:20-cr-86-TJC-JBT (M.D. Fla. June 27, 2022), ECF No. 769.
[43] 28 U.S.C. § 1441 (2011).
[44] 28 U.S.C. § 1446 (2011); *Parmar v. Cauff (In re Jet Network, LLC),* 457 B.R. 895, 900 (Bankr. S.D. Fla. 2011).

same provided in § 1446, are only available to defendants.[45] Removal of claims and causes of action related to bankruptcy cases is governed by 28 U.S.C. § 1452.[46] The time for removal of claims related to bankruptcy cases is governed by Bankruptcy Rule 9027.[47] Removal under § 1452(a) is not limited to defendants. Pursuant to § 1452(a), any party may remove claims or causes of action related to a bankruptcy case.[48]

Plaintiff filed the Notices of Removal pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.[49] Removal of the proceedings supplementary was proper under § 1452(a) because collection of the Amended Final Judgment is related to the CGH bankruptcy.[50]

---

[45] 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided . . . any civil action brought in a State court . . . may be removed by the defendant or the defendants . . . ."); 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a state court shall file . . . ."); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1749 (2019) ("Section 1441(a) . . . limits removal to 'the defendant or the defendants' in a 'civil action' over which the district courts have original jurisdiction.").

[46] 28 U.S.C. § 1452(a) (2011).

[47] *Jet Network, LLC,* at 900; *accord Tiburon Land & Cattle, LP v. Stephens (In re Stephens)*, 639 B.R. 679, 687 (Bankr. N.D. Tex. 2022).

[48] 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.").

[49] ECF No. 1-1, p. 2. Proceedings supplementary commenced under Fla. Stat. § 56.29 may be removed pursuant to 28 U.S.C. § 1452(a) as a claim or cause of action in a civil action. *See, e.g., Daake v. C.D. Jones & Co., Inc. (In re C.D. Jones & Co., Inc.)*, Case No. 09-31595-KKS, Adv. No. 15-03005, 2015 WL 2260707, at *5 (Bankr. N.D. Fla. May 12, 2015); *Walton v. St. Paul Fire & Marine Ins. Co.*, Case No. 17-61391-CIV-DIMITROULEAS, 2018 WL 5098833, at *2 (S.D. Fla. Sept. 4, 2018) (remanding a proceeding supplementary because it is not an "independent 'civil action' subject to removal under 28 U.S.C. § 1441.").

[50] An action is related to a bankruptcy case if "the outcome of the proceeding could *conceivably* have an effect on the estate being administered in bankruptcy." *Miller v. Kemira, Inc. (In re Lemco Gympsum)*, 910 F.2d 784, 788 (11th Cir. 1990) (emphasis added).

## Because 28 U.S.C. § 1446(b) does not apply, the Notices of Removal were untimely.

Plaintiff argues that under the facts of this case the Court should apply the extended removal deadline under 28 U.S.C. § 1446(b)(3), even though removal here was effectuated under 28 U.S.C. § 1452(a). The Court cannot agree.

The majority of courts have concluded that only the provisions of Bankruptcy Rule 9027 govern removals under § 1452(a).[51] Under Bankruptcy Rule 9027(a)(3), if a claim or cause of action has been asserted in a civil action in another court after the commencement of the bankruptcy case, which is what happened here, then

> [A] notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.[52]

Plaintiff acknowledges that he filed the Notices of Removal outside the time allotted in Bankruptcy Rule 9027(a)(3). Nonetheless, Plaintiff

---

[51] *See e.g., Stephens*, 639 B.R. at 689–91 (discussing the majority and minority view); *Jet Network, LLC*, 457 B.R. at 900 (stating that Bankruptcy Rule 9027 applies "only to removal under 28 U.S.C. § 1452"); *Perry v. Chase Auto Fin. (In re Perry)*, Case No. SV-09-11476-GM, Adv. No. SV-10-01356-GM, BAP No. CC-10-1395-DMkKi, 2011 WL 4503166, at *6 (9th Cir. BAP July 9, 2011).

[52] Fed. R. Bankr. P. 9027(a)(3).

urges the Court to apply § 1446(b)(3), in essence because the Notices of Removal were filed within thirty (30) days from when the Defendants received a copy of the Amended Final Judgment. In support of this position, Plaintiff relies on *Service Lane.com., Inc. v. Pagosa Technologies, Inc.*[53] But such reliance is misplaced; *Service Lane.com* is distinguishable.

In *Service Lane.com*, the plaintiff filed suit in state court, alleging in its initial pleading that it was a Chapter 7 debtor.[54] The plaintiff served the initial pleading ("petition") on defendants on June 9, 2003.[55] The defendants filed a notice of removal, citing 28 U.S.C. §§ 1334, 1441, 1446, and 1452 on July 21, 2014.[56] The plaintiff moved to remand pursuant to 28 U.S.C. § 1446(c), arguing that the removal was

---

[53] *Service Lane.com., Inc. v. Pagosa Technologies, Inc. (In re Servicelane.com)*, 320 B.R. 614 (Bankr. N.D. Tex. 2005).

[54] *Id.* at 617.

[55] *Id.* at 615. The court in *Service Lane.com* repeatedly refers to the initial pleading in the Texas state court as a "petition." *Id.* at 615–19. An initial pleading, called a complaint in Florida, is called a petition in Texas. Tex. R. Civ. P. 22 ("A civil suit in the district or county court shall be commenced by a petiton filed in the office of the clerk."); *see also, Schrader-Scalf v. CitiMortgage, Inc.*, Case No. 3:12–CV–4446–D, 2013 WL 625745 (N.D. Tex. Feb. 20, 2013) (plaintiff Schrader-Scalf sued CitiMortgage in state court; CitiMortgage removed the action to the District Court for the Northern District of Texas and then moved to dismiss the action); *Duncan v. CitiMortgage, Inc.*, Case No. 3:12-CV-02652-L, 2013 WL 12253102 (N.D. Tex. Mar. 25, 2013); *Caprock Const. Co. v. Guaranteed Floorcovering, Inc.*, 950 S.W.2d 203, 204 (Tex. App. Dallas 1997).

[56] *Service Lane.com.*, 320 B.R. at 615–16.

untimely.[57] The defendants argued that the extended time limit set forth in § 1446(b) should apply because they filed the removal within thirty days of their discovery of a bankruptcy court order from which they learned "with certainty" of a federal bankruptcy claim.[58] The court in *Service Lane.com* was not persuaded.

As Plaintiff here points out, the *Service Lane.com* court recognized that if the original state court petition had not reflected a federal question, the time to remove the action would have run from the filing of an amended initial pleading containing that information.[59] Plaintiff urges that this Court should, using that reasoning, rule the removal of the proceedings supplementary timely. Following this reasoning, the removal here would be timely because it was filed within thirty (30) days of the Amended Final Judgment, which is the first pleading that reflected a federal bankruptcy claim.

While this reasoning is persuasive, unlike here, the parties removing the action in *Service Lane.com* were the defendants, not the

---

[57] *Id.* at 616.

[58] *Id.*

[59] *Id.* at 619 ("If the initial pleading had not affirmatively revealed the federal question, then the bankruptcy court settlement order would meet the statutory requirement of notice in an order from which the defendants [sic] could argue that it first ascertained that the case is or has become removable.").

plaintiff. Removal in *Service Lane.com* pursuant to § 1441 was proper, because it was removal of a civil action effected by the defendants. Removal in *Service Lane.com* pursuant to § 1452 was also proper because the removal was of a claim or cause of action related to bankruptcy.[60] But because the removal in *Service Lane.com* was proper pursuant to § 1441, the bankruptcy court correctly applied the deadline to file a notice of removal set forth in § 1446(b).

Plaintiff here could only remove the proceedings supplementary under 28 U.S.C. § 1452(a); he had no basis for removal under § 1441. For that reason, the Court is constrained to follow and apply the removal deadlines set forth in Bankruptcy Rule 9027 and may not apply the expanded time for a defendant to remove a civil action under 28 U.S.C. § 1446(b).

## CONCLUSION

Plaintiff, as the Liquidating Trustee, has done an admirable job pursuing claims against Defendants and others in his continuing efforts to pay dividends to creditors of CGH. The Court is well aware that

---

[60] *Id.* at 617 ("The initial petition thereby affirmatively reveals a basis for federal bankruptcy jurisdiction.").

proceedings supplementary provide Plaintiff an opportunity to recover property allegedly obtained with money from the fraudulent laboratory scheme. The Court recalls the dilatory discovery tactics employed by Perez and Empower H.I.S. in the Main Case, and their failure to perform even one term of the settlement approved by this Court. Equity cries out for denial of the Remand Motions so Plaintiff can continue his collection efforts here. But equity cannot override the applicable statutes and rules. For the reasons stated, it is

ORDERED:

1. Defendants' Remand Motions are GRANTED.

2. These adversary proceedings are due to be remanded to their respective Florida circuit courts in Monroe and Miami-Dade Counties.

3. The Court will enter a separate order granting the Remand Motions in each adversary proceeding.

DONE and ORDERED on ___July 29, 2022_____.

KAREN K. SPECIE
Chief U. S. Bankruptcy Judge

Counsel for Plaintiff is directed to serve a copy of this Order on interested parties and file a proof of service within three (3) days of entry of this Order.